IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRI ALLISON o/b/o STEPHANIE ALLISON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 03-3469-CV-S-RED-SSA |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Terri Allison o/b/o Stephanie Allison ("Allison") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

---

[1]Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

Section 1614 (a)(3) of the Social Security Act provides a definition of disability for children that is different from the definition of disability for adults. If the child is under the age of 18, she is disabled if she has a medically determinable physical or mental impairment that "results in marked and severe functional limitations" and can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(C)(i) (2000).

The Commissioner has established a three-step process to determine whether a child under the age of 18 is "disabled." 20 C.F.R. § 416.924. A claimant must show that (1) the child has not engaged in substantial gainful activity, (2) the child has a "severe" impairment or combination of impairments, and (3) the impairment or impairments meet, medically equal, or functionally equal the severity of an impairment in the "listings." *Id.* In determining whether an impairment

-2-

functionally equals a listed impairment, the ALJ must evaluate the child's limitations in six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a. Medically determinable impairments functionally equal a listed impairment only if they result in "marked" limitations in two domains or "extreme" limitations in one domain. *Id.* A "marked" limitation in a given domain will be found if the child's impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. *Id.* An "extreme" limitation will be found in a given domain if the child's impairment very seriously interferes with the ability to independently initiate, sustain, or complete activities. *Id.*

### III. Analysis

Allison argues that (1) the ALJ improperly discredited Allison's testimony, (2) the ALJ improperly determined that Allison's impairments did not meet a listed impairment, and (3) the ALJ improperly determined that Allison's impairments did not functionally equal a listed impairment.

#### A. The ALJ Properly Assessed Caldwell's Credibility.

"Where adequately explained and supported, credibility findings are for the ALJ to make." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ is "not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Id.*; *see also McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000).

The ALJ properly indicated that the objective medical evidence was inconsistent with Allison's subjective statements that she is disabled. The ALJ also noted that Allison's speech was

-3-

intelligible at the hearing despite her alleged speech disorder. The ALJ cited evidence that Allison's physical activity was not restricted, apart from occasional pain and stiffness, in discounting her testimony that she suffered severe back problems. Allison's medical records show that her psychological and mental issues are adequately controlled by medication without side effects, and she earned high marks in school and vocational training. Evidence of Allison's active social life contradicts her testimony that her impairments cause problems with peers and adults. The ALJ clearly contemplated the factors set forth in *Polaski* and, after weighing the evidence, determined that Allison's testimony was not entirely credible. The Court will not supplant the ALJ's credibility determination.

### B. The ALJ properly determined that Allison's Impairments did not Meet a Listed Impairment.

Allison argues that her impairments meet Listing 112.05(D) which indicates that a child is mentally retarded if she has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant limitation of function." Defendant does not contest that Allison achieved a performance IQ score of 69 on March 13, 1998. However, there is substantial evidence that Allison did not have a physical or other mental impairment imposing additional and significant limitation on function. Medical evidence showed that Allison's function was not significantly limited by her back problems or her psychological and mental problems. Allison argues that her small stature created significant impairment, but the record is devoid of evidence that Allison's small stature significantly impacted her life.

Allison also argues that Allison's small stature alone meets Listing 100.2(B) which indicates that a child has a growth impairment if her height falls to or is persistently below the third percentile. While Allison presented evidence to the ALJ at the hearing that her height was below the fifth

-4-

percentile, she did not prove that her height was below the third percentile. The ALJ properly determined that Allison's impairments do not meet a listed impairment.

## C. **The ALJ properly determined that Allison's Impairments do not Functionally Equal a Listed Impairment.**

The ALJ properly evaluated the six functioning domains when determining whether Allison's impairments functionally equal a listed impairment. The ALJ had substantial evidence to support the conclusion that Allison has markedly limited function in acquiring and using information due to her successful participation in special academic services and her diagnosis of borderline intellectual functioning. The record contains substantial evidence that Allison's limitation in attending and completing tasks is less than marked because her mental and psychological symptoms are generally controlled by medicine. The ALJ properly determined that Allison's interaction with others was not limited based on evidence that she had a very active social life. Medical evidence indicating that Allison's limitations caused by her back problems and small stature were not severe supports the ALJ's conclusion that Allison's limitation in her ability to move and manipulate objects is less than limited. Testimony regarding Allison's ordinary activities provided the ALJ with substantial evidence that Allison could care for herself. All of the evidence described above constitutes substantial evidence that Allison's limitation in health and physical well-being was less than marked. The ALJ properly determined that Allison's impairments do not functionally equal a listed impairment.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE: November 9, 2006           */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT